**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

CHAMYIA M. EDWARDS, a minor,
by MARTHA PARKER, next of kin       :

    Plaintiff,                              :

v.                                         :        CA 10-0159-C

MICHAEL J. ASTRUE,
Commissioner of Social Security     :

    Defendant.                          :

## **MEMORANDUM OPINION & ORDER**

Plaintiff Martha Parker—the grandmother and next of kin of claimant and plaintiff Chamyia Edwards (eight-years-old at the time the ALJ denied her application)—brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying claimant's application for supplemental security income (SSI). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 17 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); Doc. 18) Upon consideration of the administrative record ("R") (Docs. 12 & 20), Plaintiff's brief (Doc. 14), the Commissioner's brief (Doc. 22), and the arguments made by the parties at the December

17, 2010 Hearing, it is determined that the Commissioner's decision denying claimant benefits should be reversed and remanded for further proceedings not inconsistent with this decision.

## **RELEVANT FACTUAL BACKGROUND**

After a hearing conducted August 10, 2009, claimant's application for SSI, filed September 11, 2007, was denied by the Administrative Law Judge ("ALJ") on October 23, 2009. (Doc. 1, Compl., ¶ 2.) The Appeals Council subsequently denied a request for review by an order dated January 10, 2010 (*id.*, ¶ 3), making the ALJ's decision the Commissioner's final administrative decision for purposes of judicial review. *See* 20 C.F.R. § 416.1481.

On September 15, 2010, Plaintiff filed a notice of incomplete record (*see* Doc. 15), contending that the record of the administrative proceeding related to this case (Doc. 12), filed July 22, 2010, was incomplete. In support of her argument, Plaintiff contends that at the August 10, 2009 Hearing before the ALJ, the ALJ admitted numerous identified defense exhibits, and stated, "I also understand that there are a significant number of exhibits which have been submitted, which will be submitted by the Claimant today and those will be admitted as well" (R. 30), but that "[t]he numerous exhibits submitted by the Plaintiff[,] which the ALJ stated would be admitted into evidence, were filed by the Plaintiff but are not part of the filed record." (Doc. 15, p. 2.) On September 17, 2010, this Court ordered the Commissioner to both confirm whether or not all exhibits filed by Plaintiff in the administrative proceeding were admitted into evidence and considered by

the ALJ, and file any exhibits filed by Plaintiff in the administrative proceeding that were not currently part of the record (Doc. 12). (*See* Doc. 16.) The Commissioner filed his response on October 1, 2010 (Doc. 19) followed by the filing of a supplemental transcript on October 4, 2010 (Doc. 20). The Court issued an order on October 28, 2010 (Doc. 21) mooting the Plaintiff's September 15, 2010 Notice because the record appeared to be complete (*see* Doc. 20), and recognizing

> that plaintiff may make the substantive argument at the hearing [before this Court], in favor of remand, that the ALJ did not consider the records referenced in the September 15, 2010 notice (*see* Doc. 15, at 2 ("[I]t is respectfully requested Plaintiff's missing records be made part of the Court Record, and that an inquiry be made as to whether the missing records were viewed and considered by the Administrative Law Judge."); *compare id. with* Doc. 19, at 1 ("As the ALJ acknowledged receipt of the evidence at the hearing and admitted the evidence into the record [ ], the ALJ stated that she considered all of the evidence [ ], and the Appeals Council issued a certified supplemental administrative record, Defendant has a reasonable belief that the ALJ considered the evidence included in the supplemental transcript.")).

(*Id.*)

Plaintiff's brief (Doc. 14), filed the day before her Notice of Incomplete Record, raises several arguments. First, Plaintiff contends that the ALJ's determination that Plaintiff does not have an impairment or combination of impairments that has resulted in either a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain of functioning, is not supported by substantial evidence. (*Id.*, ¶ 7.) Second, Plaintiff contends that the ALJ failed to properly evaluate the impact of Plaintiff's combination of impairments. (*Id.*, ¶ 9.) Third, Plaintiff contends that the testimony of

3

Plaintiff's grandmother was not properly evaluated by the ALJ. (*Id.*, ¶ 8.) Plaintiff's final argument—related to her third one—is that the ALJ's decision fails to give substantial weight to the opinions of Plaintiff's treating physicians. (*Id.*)

## **STANDARD OF REVIEW**

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment that exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Although at the fourth step, "the claimant bears the burden of demonstrating the inability to return to her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny claimant benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401

4

(1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And finally, "[e]ven if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Social Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

## **DISCUSSION**

As recently restated by the Eleventh Circuit in *Muhammad ex rel. T.I.M. v. Commissioner of Social Security*, No. 10-10428, 2010 WL 3449140 (11th Cir. Sep. 3, 2010),

> An individual under the age of 18 is considered to be disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). "Federal regulations set forth the process by which the SSA determines if a child is disabled and thereby eligible for disability benefits." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1278 (11th Cir. 2004). As part of this process, the ALJ must determine whether the child has a medically determinable impairment that is severe. *Shinn*, 391 F.3d at 1278; 20 C.F.R. § 416.924(c).
>
> If the child has a severe impairment, the ALJ next determines whether the impairment "causes marked and severe functional limitations for the child." *Shinn*, 391 F.3d at 1278 (quoting 20 C.F.R. § 416.924(d)). This determination is made based upon a consideration of the Listing of

> Impairments, which is included in 20 C.F.R. § 404, Subpart P, appendix 1. *Shinn*, 391 F.3d at 1278; 20 C.F.R. § 416.925(a). A child's impairment is recognized as causing "marked and severe functional limitations if those limitations meet, medically equal, or functionally equal" an impairment described in the Listing of Impairments. *Shinn*, 391 F.3d at 1279 (quotation and alterations omitted); 20 C.F.R. § 416.924(d). If a child's impairment does not meet or medically equal a listed impairment, an ALJ may still find that the child is disabled if his impairment functionally equals a listed impairment. *Shinn*, 391 F.3d at 1279.
>
> In determining whether a child's impairment functionally equals a listed impairment, an ALJ must consider the extent to which the impairment limits the child's ability to function in the following six "domains" of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Shinn*, 391 F.3d at 1279; 20 C.F.R. § 416.926a(b)(1). A child's impairment functionally equals a listed impairment, and thus constitutes a disability, if the child's limitations are "marked" in two of the six life domains, or if the child's limitations are "extreme" in one of the six domains. *Shinn*, 391 F.3d at 1279; 20 C.F.R. § 416.926a(d).

*Id.* at *6-7.

In this matter, the ALJ concluded that Plaintiff's medical impairments, including those that were not "severe," did not functionally equal the listings (R. 16)—finding that Plaintiff has a "marked" limitation in only one of the six domains (health and physical well-being). (R. 24.) As to that—sixth—domain (health and physical well-being), the ALJ found that Plaintiff has a "marked" limitation (R. 24), noting that Plaintiff was hospitalized twice and seen in the emergency room once within a nine-month period, and was treated for diabetes, asthma, and obesity. (R. 24-26). *See also* 20 C.F.R. § 416.926a(e)(iv) (explaining that to have a "marked" limitation, a claimant must be "frequently ill because of [her] impairment(s) or have frequent exacerbations of [her]

6

impairment(s)," with "frequent" being defined as "episodes of illness or exacerbations that occur on an average of 3 times a year, or once every 4 months, each lasting 2 weeks or more"). One "marked" limitation, however, is not enough to find that a child's impairment functionally equals a listed impairment, and thus constitutes a disability. *See Muhammad*, 2010 WL 3449140, at *7 (citing *Shinn*, 391 F.3d at 1279; 20 C.F.R. § 416.926a(d)).

Plaintiff argues that this determination is not supported by substantial evidence. (*See* Doc. 14, ¶ 7.)[1]

## **ANALYSIS**

In order to fulfill our duty as the reviewing court—determining whether the ALJ's decision to deny claimant benefits is supported by substantial evidence—it is axiomatic that the ALJ's decision must make it clear to us that she has analyzed all evidence in the record. *See Luckey v. Astrue*, 331 Fed. App'x 634, 639 (11th Cir. 2009) ("We have made it abundantly clear that unless the Commissioner has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (internal

---

[1] For purposes of this order, and based on the arguments of Plaintiff's counsel at the December 17, 2010 Hearing, the Court will treat the Plaintiff's three other arguments as subsumed in this first—overarching—argument.

quotation marks omitted and punctuation altered)). "The ALJ must state specifically the weight accorded each item of evidence and the reasons for [her] decision." *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986). And, "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart*, 662 F.2d at 735.

It is not at all clear to the undersigned that the ALJ has considered all evidence in the record. ***By way of example only***, the ALJ fails to analyze—or even mention—the claimant's school records and the opinion of claimant's treating physician. Both of which were submitted to this Court as part of the supplemental transcript filed October 4, 2010 in response to Plaintiff's notice of incomplete record (Doc. 15) and this Court's order (Doc. 16) regarding the same. *See supra*. As such, the ALJ's written decision belies the Commissioner's response to Plaintiff's notice the because "the ALJ acknowledged receipt of the evidence at the hearing and admitted the evidence into the record [ ], the ALJ stated that she considered all of the evidence [ ], and the Appeals Council issued a certified supplemental administrative record, Defendant has a reasonable belief that the ALJ considered the evidence included in the supplemental transcript." (Doc. 19, p. 2.) Simply put, both the school records and the treating physician's opinion are examples of significant probative evidence that if considered by the ALJ, would have been discussed—even if only to reject—in the ALJ's decision. *Compare Martell v. Astrue*, No. 3:07-cv-83-J-25MCR, 2008 WL 793388, at *11 (M.D. Fla. Mar. 25, 2008)

(noting that "an ALJ is not required to discuss all evidence presented to him," but rather "the ALJ must explain why "significant probative evidence has been rejected," and concluding that the ALJ's failure to address the lay testimony of claimant's sister that is neither "significant[ly] probative" nor helpful to her "argument that she is disabled" did not warrant reversal) *to Van Sickle v. Astrue*, 385 Fed. App'x 739, 741 (9th Cir. 2010) (ALJ's failure to mention physician's opinion is an example of dereliction of court's duty to "explain why 'significant probative evidence has been rejected'" (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)))).

I. School records

School records were submitted in the supplemental record, and indicate that claimant missed 39 days of school between September 24, 2008 and May 18, 2009. (R. 478-479.) However, the ALJ's decision does not reference these records, and in light of the potential importance of such records—"[e]vidence of absences from school is an important indicator of the severity of the frequency of a claimant's illnesses or limitations under [the sixth] domain, as well as other domains," *Reid v. Astrue*, No. 07-61051-CIV, 2009 WL 368656, at *26 (S.D. Fla. Jan. 8, 2009)—that omission is reason alone to remand this matter for further proceedings. *See, e.g., id.* (concluding that in light of the court's review of the evidence, "the ALJ's conclusion that Claimant had a less than marked limitation in the domain of health and physical well-being, ***which does not specifically address much of the absentee records and evidence, is in need of further***

9

*explanation*" (emphasis added)); *see also Witz v. Barnhart*, 484 F. Supp. 2d 524, 528-529, 531-32 (W.D. La. 2006) (reversing an ALJ's decision and finding that child had extreme limitation in health and physical well-being where child's doctor stated he missed 24 school days and home schooled for year and a half due to illness, and teachers "noted that his repeated medical absences from school adversely affected [child] even though he completed makeup work"); *L.H., Jr., v. Soc. Sec. Admin.*, No. 3:07-CV-300-TS, 2008 WL 2785489, *4, 9 (N.D. Ind. July 15, 2008) (rejecting an ALJ's decision where ALJ failed to assess the effect of a child's absences in the first domain—acquiring and using information); *but see Burgos v. Shalala*, No. 94 Civ. 3412(LLS), 1995 WL 675491, *3 (S.D.N.Y. Nov. 14, 1995) (upholding an ALJ's assessment of a child's functioning with moderate impairment in motor function and in other domain no marked limitation, noting that while the child was "absent from school for 16 of 176 days, . . . there is no evidence that his cognitive ability or performance in school has suffered as a result")).

## II. Treating physician's opinion

"The regulations establish a hierarchy of medical opinions," *Hill v. Barnhart*, No. 1:06-CV-0133-BBM-RGV, 2007 WL 438161, at *13 (N.D. Ga. Jan. 16, 2007), and the "opinion of a treating source 'must be given substantial or considerable weight unless "good cause" is shown to the contrary.'" *Id.* (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (citations and footnote omitted). Where an ALJ has effectively rejected—as here, by failing to even mention—the opinion of a treating physician, the

Court must consider if the ALJ did so for good cause. *Cf. Davison*, 370 Fed. App'x at 996-97 ("When an ALJ articulates specific reasons for failing to accord controlling weight to the opinion of a treating or examining physician and those reasons are supported by substantial evidence, there is no reversible error." (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005))).

Plaintiff argues that "[t]he ALJ's decision fails to give substantial weight to the opinions of the Plaintiff's treating physicians" (Doc. 14, ¶ 8), and although Plaintiff does not identify which physician's opinion she claims the ALJ failed to give substantial weight to, other than the opinion of the state agency consultant, the record contains only one opinion from a physician, Dr. Preud'Homme, who opined that Plaintiff was disabled (*see* R. 588)—an opinion that the Commissioner contends should be "entitled to little weight." (Doc. 22, p. 15.) Regardless of what weight should be assigned to the treating physician's opinion, the ALJ's decision makes no reference to Dr. Preud'Homme, and the references to his opinion from the Commissioner's brief all come from the supplemental transcript filed October 4, 2010. Thus—like Plaintiff's school records—it is not clear that the ALJ even considered this opinion, much less did she articulate specific reasons for failing to accord controlling weight to it. *Moore*, 405 F.3d at 1212; *see, e.g., Carter v. Astrue*, 308 Fed. App'x 75, 76 (9th Cir. 2009) (reversing and remanding district court's affirmation of ALJ decision denying benefits, and stating: "When the probative evidence takes the form of a treating physician's contradicted medical findings, ***an ALJ must articulate specific and legitimate reasons for the rejection***. In light of these standards,

the ALJ's failure to mention Dr. Malabed's findings was erroneous." (emphasis added)) (citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008)).

## CONCLUSION

The Court cannot say that the ALJ's decision is supported by substantial evidence due to the fact that—as demonstrated by the two examples discussed above—it is unclear whether the ALJ "has analyzed all evidence and has sufficiently explained the weight [she] has given to obviously probative exhibits." *Luckey*, 331 Fed. App'x at 639.

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. On remand, the ALJ should specifically address all probative evidence included in the supplemental transcript filed in this Court on October 4, 2010.

The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** this the 12th day of January, 2011.

                                        s/ WILLIAM E. CASSADY
                                        **UNITED STATES MAGISTRATE JUDGE**